MURPHY, Circuit Judge,
dissenting.
Because the majority has not applied the governing law to this case, I dissent. Under the NLRA employers are prohibited from refusing “to bargain collectively with” the employees’ representatives, 29 U.S.C. § 158(a)(5), and must maintain the “status quo” after a CBA expires until either a new agreement or an impasse is reached. NLRB v. Katz, 369 U.S. 736, 746-47, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962). In order to show that an employer has violated the NLRA by a unilateral change in the status quo, a union must prove that the employer changed a term or condition of employment that is a mandatory subject of bargaining under the CBA. See Am. Oil Co. v. NLRB, 602 F.2d 184, 188 (8th Cir. 1979); Hinson v. NLRB, 428 F.2d 133, 139 (8th Cir. 1970). An employer may nevertheless unilaterally change such a term if a union has waived its statutory right to bargain about that provision. Id. at 133. Waiver is an affirmative defense an employer must prove by “clear and unmistakable” evidence. Porta-King Bldg. Sys., Div. of Jay Henges Enters., Inc. v. NLRB, 14 F.3d 1258, 1262-63 (8th Cir. 1994).
The majority’s analysis confuses the union’s prima facie case with the hospital’s affirmative defense of waiver. In its opinion the majority concludes that the union failed to prove that the hospital unilaterally changed the status quo since the nurse pay raise provision was limited to the “duration of’ the CBA. A union’s prima facie case is however to be analyzed separately from an employer’s waiver defense. See Porta-King, 14 F.3d at 1262-63; see also Local Joint Exec. Bd. of Las Vegas v. NLRB, 540 F.3d 1072, 1078-80 (9th Cir. 2008); Honeywell Int’l, Inc. v. NLRB, 253 F.3d 125, 128-34 (D.C. Cir. 2001); NLRB v. Gen. Tire & Rubber Co., 795 F.2d 585, 588 (6th Cir. 1986).
Here, the union proved its prima facie case since the nurse pay raise provision was a mandatory subject of bargaining, 29 U.S.C. § 158(d), and an express term of the CBA, see Hinson, 428 F.2d at 139. The pay raise provision defined the status quo despite the clauses limiting it to the “duration of’ the CBA because the agreement’s expiration was extended by law until the parties reached an impasse or a new agreement. See Local Joint Exec. Bd., 540 F.3d at 1078-80; Honeywell Int’l, 253 F.3d at 128-34; Gen. Tire & Rubber Co., 795 F.2d at 588. Since the hospital failed to pay nurse raises after the expiration of the CBA, but before an impasse or a new agreement, the union proved its prima fa-cie case. The duration clauses in the pay raise provision are only relevant to the hospital’s affirmative defense of waiver.
A union relinquishes its right to bargain for a term of employment if it has agreed to “waive its statutory protection against unilateral changes in mandatory subjects of bargaining.” Honeywell Int’l, Inc., 253 F.3d at 133; see also Am. Oil Co., 602 F.2d at 188. In order for a party to waive its statutory right to bargain over a CBA provision, the CBA must explicitly state that the provision terminates at the expiration of the CBA. See, e.g., Local Joint Exec. Bd., 540 F.3d at 1080; Honeywell Int’l, 253 F.3d at 133-34. It is not enough for the provision to state that it lasts for the duration of the agreement. See, e.g., Local Joint Exec. Bd., 540 F.3d at 1080; Honeywell Int’l, 253 F.3d at 133-34. That is because the unilateral change doctrine “presupposes the end of a collective bargaining agreement and guarantees the continuation of existing benefits as a matter of law.” Honeywell Int’l, 253 F.3d at 128. Thus, if a CBA provision contains a duration clause that merely defines when *728 the union’s “contractual right[s]” end but “is silent on [when] the Union’s statutory rights” end, it “in no way evinces a clear and unmistakable waiver.” Id. at 134.
Here, the union did not waive its statutory right to pay increases after the expiration of the CBA. The nurse raise provision at issue states:
20.3 Base Rate Increases During Term of Agreement. For the duration of this Agreement, the Hospital will adjust the pay of Nurses on his/her anniversary date. Such pay increases for Nurses not on probation, during the term of this Agreement will be three (3) percent....
(emphasis added). Although the provision states that the pay increases will last for the duration of the contract, it does not provide that the increases will “terminate” when the agreement expires. Because the duration clauses are “silent on the Union’s statutory rights under Katz and Litton,” they “in no way evince[ ] a clear and unmistakable waiver by the union.” See Honeywell Int’l, Inc., 253 F.3d at 134.
The duration clauses at issue in this case are similar to the one in Local Joint Executive Board of Las Vegas, where a dues checkoff provision in the CBA stated that it “shall be continued in effect for the term of [the] Agreement.” 540 F.3d at 1075. The Ninth Circuit explained that this duration clause did not waive the union’s statutory right to bargain over the provision because:
The Board’s precedent has plainly and consistently distinguished between language that states a particular provision applies “during” the contract term, and language that states the relevant benefit ■will “terminate” at the end of the contract term. Only where the provision states that the benefit will “terminate” has the Board found a clear and unmistakable waiver.
Id. at 1080.
The decision in Local Joint Executive Board of Las Vegas is supported by several other circuit court and Board decisions. See, e.g., Honeywell Int’l, Inc., 253 F.3d at 130, 133-34 (concluding that the following duration clause did not waive the union’s rights: “The Effects Bargaining Agreement shall be effective as of May 30, 1994, and shall remain in effect until midnight on June 6, 1997, but not thereafter unless renewed or extended in writing by the parties”); Gen. Tire & Rubber Co., 795 F.2d at 587-88 (concluding that the following duration clause did not waive the union’s rights: “the benefits described herein shall be provided for ninety (90) days following termination”); . Schmidt-Tiago Const. Co., 286 N.L.R.B. 342, 343 n.7 (1987) (concluding that the CBA’s requirement that employer contributions to the employees’ pension could only be made “in accordance with a Pension Agreement” did not waive the union’s rights); KBMS, Inc., 278 N.L.R.B. 826, 849 (1986) (concluding that the CBA requirement that employer contributions to employee trust funds “shall continue to be paid as long as [the company] is so obligated pursuant to said collective bargaining agreements” did not waive the union’s rights).
Since the hospital violated the NLRA by not paying nurse raises while CBA negotiations were ongoing and the union did not waive its right to bargain over this provision, the hospital’s petition for review should be denied.